Mr. Larry Crane Director, Assessment Coordination Division 1615 West Third Little Rock, AR 72201
Dear Mr. Crane:
This is in response to your request for an opinion on whether Act 1165 of 1991 applies to billings for mineral interests in the current collection year, or to assessments made this year, or not until the collection process is initiated for assessments made in 1992.
Act 1165 provides, in pertinent part:
 If the cost of collecting the ad valorem tax on mineral interests exceeds the annual tax on the mineral interest, then the tax shall not be billed or collected and no tax shall be owed. However, the collector shall record the amount of the tax for accounting purposes.
Although taxes become a lien on the property assessed from the first Monday of January of the year in which the assessment is made until they are paid, see A.C.A. § 26-34-101(b) (1987), Act 1165 must be deemed to have amended this provision with regard to taxes on mineral interests whenever the cost of collecting the tax is more than the tax itself. Assessments will be made each year and those that are less than the cost of collection will be waived under Act 1165. The Act states that such taxes shall not be billed or collected; accordingly, it is my opinion that Act 1165 applies to every billing and collection of the ad valorem tax on mineral interests occurring after its effective date, which is July 15, 1991. See Atty. Gen. Op. No. 91-119.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
Winston Bryant Attorney General